IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI (ABERDEEN)

| | | |
|---|---|---|
| **RUTHIE MAE MEANS,** | ) | **PLAINTIFF,** |
| | ) | |
| **V.** | ) | **CASE NO. 04-01147** |
| | ) | |
| **CITIFINANCIAL MORTGAGE COMPANY** | ) | |
| **PKA FIRST FAMILY FINANCIAL** | ) | |
| **SERVICES, INC.** | ) | |
| | ) | **DEFENDANT.** |

## OPINION

On consideration before the Court is the defendant's Motion to Compel Arbitration and Stay Proceedings, including Discovery, and the Court, having heard and considered same, hereby finds that the defendant's motion is due to be GRANTED, and finds as follows, to-wit:

### I.

The plaintiff in this adversary proceeding, Ruthie Mae Means, alleges that the defendant, CitiFinancial Mortgage Company, engaged in certain predatory lending practices regarding a number of loans the plaintiff entered into with the defendant. As part of the plaintiffs August 3, 1998 loan with the defendant, the plaintiff executed an arbitration agreement. The arbitration agreement provides, in part:

> **DISPUTES COVERED:** This agreement applies to all claims and disputes between you and us. This includes, without limitation, all claims and disputes arising out of, in connection with, or relating to:
>
> • your loan from us today;
>
> • any previous loan from us and any previous retail installment sales contract or loan assigned to us;
>
> • all the documents relating to this or any previous loan or retail installment sales contract;
>
> • any insurance purchased in connection with this or any previous loan or retail installment sales contract;

I352400

- whether the claim or dispute must be arbitrated;

- the validity of this arbitration agreement;

- any negotiations between you and us;

- any claim or dispute based on an allegation of fraud or misrepresentation, including fraud in the inducement of this or any other agreement;

- any claim or dispute based on a federal or state statute; and

- any claim or dispute based on an alleged tort.

This agreement also applies to any claim or dispute, including all the kinds of disputes listed above, between you and any of our employees or agents, any of our affiliate corporations, and any of their employees or agents. Affiliate corporations are our parent corporations, subsidiary corporations, and sister corporations. Some, but not all, of our affiliates are Associates First Capital Corporation, Associates Corporation of North America, Associates Financial Life Insurance Company, Associates Insurance Company, and Associates Financial Services Company, Inc.

The plaintiff admits that she executed the arbitration agreement. Plaintiff contends, however, that she should not be bound by the arbitration agreement because she has difficulty reading; has a third grade education; and she did not subjectively know that she signed the arbitration agreement; therefore, there was no meeting of the minds. The plaintiff does not contend, and there is no evidence, that the defendant engaged in any misrepresentations in connection with the arbitration agreement.

## II.

The Federal Arbitration Act ("FAA") establishes that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "The FAA expresses a strong national policy favoring arbitration of disputes, and all doubts concerning the arbitrability of claims should be resolved in favor of arbitration." *Primerica Life Ins. Co. v. Brown*, 304 F.3d 469, 471 (5th Cir. 2002). The

1352400

2

purpose of the FAA is to give arbitration agreements the same force and effect as other contracts – no more and no less. 9 U.S.C. § 2; *Pennzoil Exploration and Production Co. v. Ramco Energy Ltd.,* 139 F.3d 1061, 1064 (5th Cir. 1998). As such, in determining whether the parties agreed to arbitrate a certain matter, courts apply the contract law of the particular state that governs the agreement. *First Options ( [Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944 (1995).

The instant matter is governed by the Fifth Circuit's decision in *Washington Mutual Finance Group, LLC v. Bailey,* 364 F.3d 260 (5th Cir. 2004), which clarifies the Circuit's prior decision in *American Heritage L[fe Insurance Company v. Lang,* 321 F.3d 533 (5th Cir. 2003). "Courts conduct a bifurcated inquiry to determine whether parties should be compelled to arbitrate a dispute." *Bailey,* 364 F.3d at 263 (citing *Primerica Lffe Ins. Co.,* 304 F.3d at 471). "First, the court must determine whether the parties agreed to arbitrate the dispute." *Id.* "Once the court finds that the parties agreed to arbitrate, it must consider whether any federal statute or policy renders the claims nonarbitrable." *Id.*

In this case, the plaintiff does not argue that the arbitration agreement in her 1998 loan is unenforceable based on any contrary federal statute or policy. Furthermore, the plaintiff does not dispute, and the evidence supports, the fact that there is a written agreement to arbitrate: interstate commerce is affected by the transaction at issue: and the scope of the arbitration agreement is broad and includes the claims the plaintiff asserts in the complaint. In addition, the parties do not dispute that Mississippi state law applies to this case. Accordingly, this Court determines whether, pursuant to Mississippi law, the arbitration agreement the plaintiff admits she signed is valid.

Under Mississippi law, an individual's inability to understand a contract because of his or her illiteracy is not a sufficient basis for concluding that a contract is unenforceable. *See Mixon*

*v. Sovereign Camp, W.O.W,* 125 So. 413, 415 (Miss. 1930). In *Russell v. Performance Toyota. Inc.,* 826 So. 2d 719, 726 (Miss. 2002), the Mississippi Supreme Court held that "a person is charged with knowing the contents of any document that he executes." Therefore, "[a] person cannot avoid a written contract which he has entered into on the ground that he did not read it *or have it read to him.*" *Bailey,* 364 F.3d at 265 (quoting *JR_ Watkins Co. v. Runnels,* 172 So. 2d 567, 571 (Miss. 1965); emphasis in original); *see also Tel-Com Management, Inc. v. Waveland Resort Inns, Inc.,* 782 So. 2d 149, 153 (Miss. 2001) (holding that "[t]o permit a party when sued on a written contract, to admit that he signed it ... but did not read it or know its stipulations would absolutely destroy the value of all contracts"). Furthermore, "under Mississippi law, the ability to read and understand [an] arbitration agreement does not render the agreement unconscionable or otherwise unenforceable." *Bailey,* 364 F.3d at 265.

### III.

The Court finds that the defendant did not make any misrepresentations to the plaintiff regarding the arbitration agreement. It further finds that the plaintiff is bound by the arbitration agreement she admittedly signed.

By separate order, the Motion to Compel Arbitration and Stay Proceedings, including Discovery, will be granted, and the adversary proceeding, including discovery, will be stayed pending exhaustion of the arbitration proceedings.

Done this the _/ Ji:;_day of _____, 2005.

                                              Honorable Judge David W. Houston, III